# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-DR-01266-SCT

*SHERWOOD DWAYNE BROWN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/07/95 |
| TRIAL JUDGE: | HON. ANDREW C. BAKER |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID L. WALKER |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: MARVIN L. WHITE, JR. |
| NATURE OF THE CASE: | CIVIL - DEATH PENALTY - POST CONVICTION RELIEF |
| DISPOSITION: | APPLICATIONS FOR LEAVE TO SEEK POST-CONVICTION RELIEF DENIED - 08/09/2001 |
| MOTION FOR REHEARING FILED: | 8/23/2001; denied 10/25/2001 |
| MANDATE ISSUED: | 11/1/2001 |

EN BANC.

McRAE, PRESIDING JUSTICE, FOR THE COURT:

¶1. This post-conviction relief case was filed by Sherwood Dwayne Brown raising approximately sixty-eight issues and sub-issues which will be addressed here. After due consideration we deny the applications for leave to seek post-conviction relief.

¶2. Brown was convicted of killing three victims, thirteen- year-old Evangela Boyd along with Verline Boyd and Betty Boyd. All three victims had suffered severe chop wounds to the head inflicted by a sharp instrument. All three convictions were affirmed on direct appeal by this Court under ***Brown v. State***, 690 So.2d 276 (Miss. 1996). A more thorough review of the facts may be found there.

¶3. After the bodies were discovered, investigators found bloody shoe-prints on the porch and similar prints on the property leading to a nearby road in the direction of Sherwood Brown's home. The Sheriff called Brown that afternoon at his place of work and told him that the police wanted to speak with him. Brown left the premises and checked into a Memphis hotel. In checking the residence of Brown, the police found a shoe print on the floor that appeared to match those found at the crime scene. On January 8, 1993, Brown called a friend, James Coleman Jones, and asked him to come to the motel. Jones was indicted the

following year on theft charges and gave his testimony against Brown as a part of a plea agreement. According to Jones's testimony, Brown, thinking that Betty Boyd would be away, went to the Boyd home to see young Evangela Boyd and to have sex with her. Brown further told Jones that Betty Boyd was at home, that they became involved in an argument, and that Brown struck her with some sort of blade. He then proceeded to beat Evangela Boyd and have sex with her. Jones stated, that after hearing the story, he told Brown to turn himself in and later told the sheriff where Brown could be found.

¶4. Brown was arrested on January 11, 1993, at his aunt's home. Brown's shoes, clothing, two guns, and an ax were confiscated. Brown's size 12 Fila running shoes tested positive for the presence of blood and also matched the prints found at the crime scene. Brown was indicted as a habitual offender in the killings of Betty Boyd and Verline Boyd in violation of Miss. Code Ann. § 97-3-19(1)(a). Brown was further indicted as a habitual offender in the killing of Evangela Boyd while in the commission of the crime of felonious abuse and/or battery of a child as defined by Miss. Code Ann. § 97-5-39(2), all in violation of Miss. Code Ann. § 97-3-19(2)(f). Brown was convicted and sentenced to consecutive life prison terms without parole for the murders of Betty Boyd and Verline Boyd. Brown was also convicted of the murder of Evangela Boyd and sentenced to death.

¶5. Post-conviction proceedings are for the purpose of bringing to the trial court's attention facts not known at the time of judgment. *Smith v. State*, 477 So.2d 191, 195 (Miss. 1985). The Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § § 99-39-1 to -29 (2000), provides a procedure limited in nature to review those matters which, in practical reality, could not or should not have been raised at trial or on direct appeal. *Turner v. State*, 590 So.2d 871,874 (Miss.1991). In his application for leave to seek post-conviction-relief, Brown presents four categories of claims: prosecutorial misconduct; ineffective assistance of counsel; conflict of interest; and miscellaneous errors.

## I.

### Prosecutorial Misconduct

### 1. Coercing False Testimony from James Coleman Jones.

¶6. Brown contends that police and the district attorney pressured Jones to say that Brown had confessed to the crimes but that his five recorded recollections contain enough discrepancies to show his testimony was fabricated. Brown argues that Jones had a motive to lie since he had been indicted and offered a plea bargain. The record reflects that the defense was fully aware of the existence of all of Coleman Jones's statements and their inconsistencies. The prosecutor noted on the record:

> I'm not trying to belabor the point, but there are things in these documents or statements which exculpate Mr. Brown and things which inculpate Mr. Brown, and only the jury can decide what to believe from Coleman Jones and what not to believe.

The credibility of any witness, even a convicted felon, is for a jury to decide. *Swington v. State*, 742 So.2d 1106, 1111 (Miss. 1999). In fact, Jones was cross-examined by the defense about his conflicting stories. The issue was known to the defense at the time of trial and is now procedurally barred from further review pursuant to Miss. Code Ann. § 99-39-21(1). Brown has failed to show cause for failing to raise the matter on direct appeal or demonstrate actual prejudice to the defense. The procedural bar must therefore remain in place. *Cole v. State*, 666 So.2d 767, 773 (Miss. 1995).

### 2. Improper Argument to the Jury.

¶7. Brown claims that the prosecutor improperly argued to the jury during his opening statement that sex was the motive for the crime and then failed to prove that a sexual assault occurred. As a practical matter, Brown was charged with murder while committing the felonious abuse and/or battery of a child and the State was not required to prove a sexual assault. Brown failed to object at trial or raise the issue on direct appeal and the matter is procedurally barred from collateral review pursuant to Miss. Code Ann. § 99-39-21(1). *Lockett v. State,* 614 So.2d 888, 893 (Miss. 1992).

### 3. Prior Bad Acts.

¶8. Brown argues that the prosecutor asked the sheriff on direct examination why he suspected Brown and that the sheriff improperly responded, "we have had problems out of Sherwood before." Trial counsel made a motion for mistrial which was denied and thereafter raised on direct appeal. This Court expressly upheld the trial court's decision to admonish the jury to disregard the comment rather than declare a mistrial. *Brown,* 614 So.2d at 288. Pursuant to Miss. Code Ann. § 99-39-21(2), the doctrine of res judicata applies, and the issue is barred from further review. *Williams v. State,* 669 So.2d 44, 52 (Miss. 1996).

### 4. Bite-Mark Evidence.

¶9. Brown claims that the prosecutor improperly relied on Dr. Michael West, a dentist, to take impressions from the teeth of Evangela Boyd and thereafter allowing another dentist to testify concerning these impressions and the bite-mark on Brown's arm. Brown asserts that such evidence was unreliable because of this Court's first decision in *Howard v. State,* 697 So.2d 415, 429 (Miss. 1997) which held that testimony concerning "bite marks in soft, living flesh has not been scientifically accredited at this time." On petition for rehearing, the Court retracted its comment on the scientific reliability of bite-mark evidence and held only that the testimony of a bite-mark expert was for the jury to weigh. *Howard v. State,* 701 So.2d 274 (Miss. 1997). The Court held that where such evidence was admitted, "it should be open to the defendant to present evidence challenging the reliability of the field of bite-mark comparisons." *Id.* at 288. The contention that the State committed an act of prosecutorial misconduct by employing such an expert is unsupported. This issue is without merit and is denied.

### 5. Closing Argument.

¶10. Brown argues that the prosecutor improperly attested to the veracity of the State's witnesses during his closing argument at the guilt phase. The issue is procedurally barred from review as it could have been raised on direct appeal. Miss. Code Ann. § 99-39-21(1). Without waiving the bar, the issue is without merit. The transcript shows that the prosecutor said, "Now, I know Bill Ellis, and I know these other investigators, and I know they do the very best they can. I know if that hadn't been said, it wouldn't have been written down in his report. I know that." The overall context shows that the prosecutor was responding to defense criticism of the quality of the investigators' work. This Court has held that the prosecution is entitled to argue the credibility of its witnesses after it has been challenged. *Taylor v. State*, 672 So.2d 1246, 1269 (Miss. 1996). This argument is both procedurally barred and without merit.

### 6. Aggravating Circumstance.

¶11. Brown claims that the prosecutor inaccurately argued to the jury during opening statement that Brown had committed the capital crime while under a sentence of imprisonment because his suspended sentence

had been vacated. This issue could have been raised at trial and on direct appeal and is now procedurally barred from further review. Miss. Code Ann. § 99-39-21(1).

¶12. Brown was convicted of aggravated assault in 1986 and sentenced to ten years in prison. The sentence was suspended, and Brown was placed on probation. In 1988, one year of the suspension was revoked, but the remainder of the sentence was never vacated. This is evidenced by the denial of his motion for post-conviction relief in 1995 in which he attacked the revocation of his probation. It has been held that one who is under a suspended sentence is "under sentence of imprisonment" for purposes of finding the aggravating circumstance listed at Miss. Code Ann. § 99-19-101(5)(a). *Evans v. Thigpen,* 809 F.2d 239, 241 (5th Cir. 1987). The issue is additionally without merit.

### 7. Reimposition of Suspended Sentence.

¶13. Brown also claims that the prosecution improperly held him in custody following his arrest by having the aforementioned suspended sentence re-imposed. This related issue is also procedurally barred pursuant to Miss. Code Ann. § 99-39-21(1) for failure to raise it at trial and on direct appeal. As noted before, Brown previously challenged his probation revocation before the trial court which found the imposition of the suspended portion of his sentence to be valid. This issue is also without merit.

## II.

### Ineffective Assistance of Counsel

¶14. "The benchmark for judging any claim of ineffectiveness [of counsel] must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L. Ed. 2d 674 (1984). A defendant must demonstrate that his counsel's performance was deficient *and* that the deficiency prejudiced the defense of the case. *Id.* at 687. "Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Stringer v. State,* 454 So.2d 468, 477 (Miss.1984) (citing *Strickland v. Washington,* 466 U.S. at 687). The focus of the inquiry must be whether counsel's assistance was reasonable considering all the circumstances. *Id.*

> Judicial scrutiny of counsel's performance must be highly deferential. (citation omitted) ... A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'

*Stringer,* 454 So. 2d at 477 (citing *Strickland,* 466 U.S. at 689). Defense counsel is presumed competent. *Id.*

> Then, to determine the second prong of prejudice to the defense, the standard is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Mohr v. State,* 584 So.2d 426, 430 (Miss.1991). This means a "probability sufficient to undermine the confidence in the outcome." *Id.* The question here is:

whether there is a reasonable probability that, absent the errors, the sentencer--including an appellate court, to the extent it independently reweighs the evidence--would have concluded that the balance of the aggravating and mitigating circumstances did not warrant death. *Strickland*, 466 U.S. at 695, 104 S.Ct. at 2068.

There is no constitutional right then to errorless counsel. *Cabello v. State,* 524 So.2d 313, 315 (Miss.1988); *Mohr v. State,* 584 So.2d 426, 430 (Miss.1991) (right to effective counsel does not entitle defendant to have an attorney who makes no mistakes at trial; defendant just has right to have competent counsel). If the post-conviction application fails on either of the *Strickland* prongs, the proceedings end. *Neal v. State,* 525 So.2d 1279, 1281 (Miss.1987); *Mohr v. State,* 584 So.2d 426 (Miss.1991).

*Davis v. State,* 743 So.2d 326, 334 (Miss. 1999) (citing *Foster v. State,* 687 So.2d 1124, 1130 (Miss. 1996)).

### 1. Counsel failed to investigate whether Brown's post-arrest incarceration was illegal.

¶15. This issue is duplicative of the two previously raised concerning the revocation of Brown's probation and imposition of his suspended sentence. Brown continues to argue that the imposition of one year of the suspended sentence in 1988 necessarily vacated the remaining nine years. As previously discussed, Brown raised the issue before the trial court on motion for post-conviction relief which was denied in 1995. Brown failed to conduct a direct appeal from the denial of his motion and now couches it in the guise of an ineffective assistance claim. The State correctly notes that the "[f]ailure to raise meritless objections is not ineffective lawyering." *Clark v. Collins,* 19 F.3d 959, 966 (5th Cir. 1994). The issue is without merit.

### 2. Counsel failed to challenge the jury panel.

¶16. Brown claims that trial counsel failed to attempt to disqualify jurors who said they would impose the death penalty on any person convicted of murdering a child. The substantive claim was presented on direct appeal where the Court declined to address the issue for failure to present meaningful argument and relevant authority. *Brown,* 690 So.2d at 297. Brown once again offers no argument and a string of citations with no comment or exposition. Some of the cases cited are not relevant to this issue. A person who favors the death penalty can be entrusted to make the choice between death and life imprisonment unless that person's bias for capital punishment is unequivocal and absolute. *See Witherspoon v. Illinois*, 391 U.S. 510, 519 n.21, 88 S.Ct. 1770, 20 L. Ed. 2d 776 (1968). The record in the present case shows that some jurors who favored the death penalty were allowed to remain after questioning by the trial judge revealed that they could withhold judgment and listen to mitigating evidence. The issue, however, is procedurally barred pursuant to Miss. Code Ann.§ 99-39-21(2).

### 3. Counsel failed to investigate the possibility of other suspects.

¶17. Brown argues that trial counsel's performance was deficient for failure to look into the possibility that the crime might have been committed by Red Martin or Reginald Brown because Martin was named as a suspect by James Coleman Jones and because Reginald Brown was in the vicinity and supposedly had a history of violence and mental illness. As a practical matter, the defense argued at trial that the crime might have been committed by Tony Boyd, a relative of the victims. An effort to present reasonable doubt discharges counsel's duty to investigate. *Blue v. State,* 674 So.2d 1184, 1199 (Miss. 1996), *overruled in*

*part on other grounds*, **King v. State**, 784 So.2d 884 (Miss. 2001). Brown's claim is speculative at best and fails to articulate what evidence would have made these other two individuals viable suspects. Brown is obligated to make a showing of how additional investigation would have aided his defense. **Merritt v. State**, 517 So. 2d 517, 518 (Miss. 1987). This Court has held that Brown "must state with particularity what the investigation would have revealed and specify how it would have altered the outcome of trial." **Cole v. State**, 666 So.2d at 776 (relying on **Nelson v. Hargett**, 989 F.2d 847 (5th Cir. 1993)). This issue is without merit.

### 4. Failure to Investigate Crime-Scene Footprints.

¶18. Brown asserts that surprise evidence emerged at trial that "there were two sets of bloody footprints found at the scene of the crime which could have involved two perpetrators." Brown misconstrues the testimony of the State's shoe-print expert who stated that of the 58 photographs of footprints examined, 23 corresponded in design or size to the size 12 Fila brand shoes found in Brown's possession. Brown raised this issue on direct appeal, asserting that it constituted exculpatory evidence of which he was not made aware. This Court found that the expert "made no 'surprise' conclusions or observations at trial" and that the issue was without merit. **Brown**, 690 So.2d at 290. The issue is now procedurally barred pursuant to Miss. Code Ann. § 99-39-21(2).

### 5. Failure to demonstrate the sheriff's animosity.

¶19. Brown claims that the sheriff bore animosity toward him and his family and that counsel should have demonstrated to the jury that the sheriff had a motive to accuse Brown of the crime. The State correctly surmises that any presentation of the sheriff's prior dealings with the Brown family would only have further exposed the sheriff's history of calls made to the Brown residence. It cannot be said that such a showing would have benefitted the defense, much less altered the outcome of the trial. Further, this Court has held that the decision of counsel not to pursue the alleged bias of police does not constitute ineffective assistance. **Rushing v. State**, 711 So.2d 450, 458 (Miss. 1998).

### 6. Failure to interview Brown's grandmother.

¶20. Brown contends that his grandmother, Ida Bell Fox, would have informed counsel of "a white man with a ski mask lurking in the woods near the Boyd's residence before the crimes." Fox's affidavit reveals that this was not first-hand knowledge on her part but was instead a story told to her by others in the neighborhood, the Barnetts. Contrary to the affidavit of Fox, the affidavit of Rebecca Barnett asserts that she saw a man dressed in black run into the woods a few weeks after, not before, the murders. While a lawyer's failure to investigate a witness who has been identified as crucial may indicate an inadequate investigation, the failure to investigate everyone mentioned by the defendant does not suggest ineffective assistance. **Gray v. Lucas**, 677 F.2d 1086, 1093 n.5 (5th Cir. 1982). Further, trial counsel did in fact develop and attempt to present the theory that the crimes might have been committed by someone else, i.e., Tony Boyd. The issue is without merit.

### 7. Failure to interview Brown's half-uncle.

¶21. Brown also claims that it was professional error for trial counsel not to interview Roy Chester Fox who purportedly could have testified that the sheriff had previously made "payment of money and other inducements to witnesses in criminal proceedings." Brown argues that this would have helped impeach the

testimony of Coleman Jones.

> This Court has stated that " 'at a minimum, counsel has a duty to interview potential witnesses and to make independent investigation of the facts and circumstances of the case.' " *Ferguson v. State*, 507 So.2d 94, 95 (Miss.1987) (quoting *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir.1985)). However, the *Ferguson* Court did not find that failure to do so constituted ineffective assistance, as the defendant could not meet the second prong of *Strickland* by showing that the outcome of the trial would have been different but for counsel's deficient performance.

*Gilley v. State,* 748 So.2d 123, 130 (Miss. 1999). The affidavit of Roy Chester Fox is not specific and states only that the sheriff has a "reputation for corruption in the community." It seems dubious that attacking the sheriff's character would have been allowed as a method of impeaching Jones's testimony; and therefore, it cannot be said that the testimony of Roy Chester Fox would have altered the outcome of the trial. This issue is without merit.

### 8. Failure to investigate whether Jones's testimony was improperly obtained.

¶22. Brown asserts that this issue was not developed at trial during cross-examination of Coleman Jones and not investigated prior to trial. This assertion is unsupported by the record which shows that Jones was in fact cross-examined concerning his incentive for giving a statement which incriminated Brown. The duty to investigate and prepare is not limitless and not every breach means that counsel has failed to render reasonably effective assistance. "[C]ounsel for a criminal defendant is not required to pursue every path until it bears fruit or until all conceivable hope withers." *Lovett v. Florida,* 627 F.2d 706, 708 (5th Cir. 1980). This issue is without merit.

### 9. Failure to attack Jones's multiple statements.

¶23. Brown makes no attempt to support this claim which is contradicted by the trial transcript. The record shows clearly that Jones was vigorously cross-examined by defense counsel concerning the inconsistencies in his multiple statements. This issue is without merit.

### 10. Failure to demand police records.

¶24. Brown continues to claim that Coleman Jones was promised something in exchange for his testimony. He now asserts that counsel was ineffective for not obtaining records which would have demonstrated an improper relationship between Jones and the police. Brown does not articulate what documents or type of records should have been secured or just how these records would have illustrated that Jones's testimony was coached or coerced. Brown fails to make a showing that trial counsel's omission was professional error as required by *Strickland*. If the post-conviction application fails on either of the *Strickland* prongs, the inquiry is closed. *Davis v. State,* 743 So. 2d at 334; *Neal v. State*, 525 So.2d 1279, 1281 (Miss. 1987). The issue is without merit.

### 11. Failure to obtain independent testing of Brown's shoes.

¶25. This Court has held that a defendant must demonstrate a substantial need in order to justify the trial court expending public funds for an expert to assist the defense. *Holland v. State,* 705 So.2d 307, 334 (Miss.1997). Concerning the question of appointment of a pathologist and an investigator, this Court held in *Holland* that the accused must offer concrete reasons, not just undeveloped assertions, that the assistance

would be beneficial. *Id*. Brown fails to show just what his own expert might have discovered and presented. As a practical matter, Brown's trial counsel cross-examined the State's expert. The issue is without merit.

### 12. Failure to investigate number of size 12 Fila shoes sold in Mississippi.

¶26. Brown makes the claim that trial counsel's performance was deficient because they failed to subpoena records indicating the volume of size 12 Fila shoes in order to rebut the inference that he left the bloody footprints at the crime scene. The assertion is speculative and is unsupported by argument or citation to legal authority. "Our cases uniformly command that counsel's effectiveness may not be assessed through the finely ground lenses of 20/20 hindsight-and this command is especially compelling in reviewing claims of ineffective assistance that are grounded in allegations of inadequate investigation and preparation." *Washington v. Watkins*, 655 F.2d 1346, 1356 (5th Cir. 1981). This issue is without merit.

### 13. Failure to request test of victim's fingernails.

¶27. Brown asserts that trial counsel was deficient for failing "to request a crime laboratory analysis of the substance under the fingernails of the child victim." Brown does not, however, make any showing whatsoever that any substance was present under the fingernails of Evangela Boyd. Brown makes no reference to any document of record or testimony that would support the contention that there was something to be tested. In the absence of such a showing, it cannot be said that trial counsel's performance was deficient. Further, this Court has previously held that it is under no obligation to consider an assigned error without citation to authority. *Brown v. State*, 534 So.2d 1019, 1023 (Miss.1988). This issue is without merit.

### 14. Failure to object during closing argument.

¶28. Brown has already couched this issue as a form of prosecutorial misconduct. Brown offers no discussion as to how such an objection would have likely resulted in a different outcome at trial and cites no authority in support. As previously noted, "[a]n assignment lacking authority lacks persuasion on review." *Brown*, 534 So.2d at 1023; *Smith v. State*, 430 So.2d 406, 407 (Miss.1983). This issue is without merit.

### 15. Failure to investigate Brown's flight to Memphis.

¶29. Brown claims that if counsel had investigated and presented an explanation for his disappearance, "there would have been a more effective basis for objecting to the court's error in giving an instruction on unexplained flight." Brown cites this Court's decision in *Pannell v. State*, 455 So.2d 785 (Miss. 1984) which holds that a flight instruction is not warranted where a defendant's explanation for his flight is wholly uncontradicted and not incredulous or unbelievable. Brown, in his petition, admits "going to Memphis, buying a gun and registering under another name in the days after the crime when he knew the sheriff was looking for him." There may not be a plausible explanation for this, but defense counsel nonetheless elicited testimony from a co-worker that Brown left his place of employment because the investigators did not show up. Counsel further attempted to introduce the testimony of Brown's mother that threats had been made against him. The trial judge, however, ruled the proffered testimony inadmissible as hearsay. This Court has established that flight generally is admissible as evidence of consciousness of guilt. *Fuselier v. State*, 702 So.2d 388, 390 (Miss.1997). Under the circumstances, it appears that trial counsel did all that

could be done to present a credible explanation for Brown's disappearance. This issue is without merit.

### 16. Failure to investigate and present mitigating evidence.

¶30. Brown claims that "defense counsel failed completely to investigate the background of petitioner" with respect to his mental condition. The record simply does not support this assertion. The defense called Dr. Marsha Little, a clinical psychologist, to testify about Brown's history of substance abuse and his mental state. She specifically told the jury that Brown's IQ was significantly lower than that of the general population such that he should be considered mentally retarded. Dr. Little's present affidavit claims that she was unable to administer the appropriate evaluation tests. The State, however, points to her courtroom testimony wherein she declared that her decision not to administer personality tests was based on her opinion that they would not be helpful given Brown's levels of reading and understanding.

¶31. In the case of Joseph Patrick Brown, this Court granted in part an application for post-conviction relief only where the trial court ordered a mental evaluation but no report was prepared. ***Brown v. State****,* 749 So.2d 82 (Miss. 1999). Such is not the case here as defense counsel did present evidence of a reduced mental capacity. This Court has held that the "failure to present a case in mitigation during the sentencing phase of a capital trial is not, per se, ineffective assistance of counsel." ***Williams v. State****,* 722 So.2d 447, 450 (Miss.1998) (citing ***Williams v. Cain****,* 125 F.3d 269, 277 (5th Cir.1997)). Trial counsel did in fact present a case in mitigation that included Brown's mental state. This issue is without merit.

### 17. Failure to present additional psychiatric/psychological experts.

¶32. This related issue contends that the failure to investigate resulted in a failure to present testimony on the effects of "a deprived childhood, poverty, mental illness, racism and deprivation." As a practical matter, trial counsel called Little and several other witnesses in seeking to convince the jury not to impose the death penalty. Brown makes no showing that additional expert or psychiatric testimony would have resulted in a different sentence.

¶33. In ***Chase v. State****,* 699 So.2d 521, 528 (Miss.1997), this Court found:

> that counsel was not ineffective despite his failure to further investigate psychological reports which gave some indication that Cole had a low intelligence quotient but did not give the exact figure. This Court found that evidence of Cole's minimal education, illiteracy and deprived childhood was made known to the jury, and under these circumstances there was no error in counsel's actions under ***Strickland v. Washington****. Cole,* 666 So.2d at 776-77.

This issue is without merit.

### 18. Failure to prepare mitigation witnesses.

¶34. Brown asserts that the defense witnesses presented at the sentencing phase "were not prepared for their testimony in any way and were asked questions by defense counsel, the response to which indicated a lack of knowledge of the matters inquired into." Brown acknowledges that ten witnesses were presented in mitigation and that these included friends, family members, community leaders and a psychologist. The transcript of their testimony does not indicate that they were unprepared in any way. The only unforseen occurrence was the emotional declaration by Angela Brown that her husband was innocent. The witness was admonished that innocence was not at issue. This issue is without merit.

### 19. Failure to present effective psychological evidence in mitigation.

¶35. Brown contends that Dr. Marsha Little "was called by defense counsel to attest to mitigation evidence when she had been retained by defense counsel to give an opinion only on petitioner's competence to stand trial." Brown submits an affidavit prepared by Little in which she now claims that she had insufficient time in which to review Brown's family history and administer tests to evaluate brain damage. At trial, Dr. Little informed the jury that Brown was mentally retarded and had a history of drug abuse. There is no showing that further evaluation of Brown would have produced more favorable mitigation evidence nor is there a showing that any additional mitigation evidence on Brown's mental state would have altered the jury's decision. Brown is essentially arguing that Dr. Little's testimony was ineffective; however, he is not constitutionally entitled to the effective assistance of an expert witness. *Wilson v. Greene*, 155 F.3d 396, 401 (4th Cir. 1998). The issue is without merit.

### 20. Disrespect for defense witnesses.

¶36. Brown asserts that defense counsel spoke disparagingly to Brown's parents by addressing them by their first names and that such conduct "telegraphed a racist practice to the jury." The argument could be considered frivolous, and Brown cites no authority in support of this proposition. Brown also fails to show how this conduct constitutes professional misconduct or how its absence would have changed the result of the sentencing phase. The issue is without merit.

### 21. Failure to object to opening statement.

¶37. Brown recycles his contention that he was not under a prior prison sentence by couching it in the guise of an ineffective assistance claim. Specifically, Brown contends that defense counsel failed to object to the prosecutors' declaration during opening argument that he (Brown) was under a sentence of imprisonment at the time of the murders. As previously discussed, Brown was subject to a valid suspended sentence at the time of the offense. The issue is without merit.

### 22. Failure to lodge *Batson* objections.

¶38. Brown argues that counsel failed to preserve *Batson* objections during jury selection when the prosecutor was asked to justify the use of a peremptory challenge against two black jurors. *See Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. 2d 69 (1986). In determining whether a party improperly used a peremptory challenge to discriminate against a potential juror, the movant must first make a prima facie case of discrimination by showing that race was the criterion for the exercise of challenge. *Stewart v. State*, 662 So.2d 552, 557-58 (Miss.1995). In the present case, the prosecution responded that, of the first twelve jurors tendered, the State had accepted three out of four blacks in that panel and that the record did not support a finding that the challenges were racially motivated. The trial court then ruled that a prima facie case had not been made. "These determinations fall squarely within the province and expertise of the trial judge, who will not be reversed except upon a showing of clear error." *McGilberry v. State*, 741 So.2d 894, 923 (Miss. 1999). This argument is without merit, and counsel cannot be faulted for deciding not to present the issue on direct appeal. This issue is without merit.

### 23. Failure to preserve objection to jury instruction.

¶39. Brown claims that counsel was ineffective for failing to preserve on appeal the issue concerning the

jury instruction that he was under a sentence of imprisonment at the time of the offense. Brown has previously raise this issue in different contexts. His post-conviction challenge to his prior sentence was denied, and the jury was properly instructed that Brown was under a sentence of imprisonment at the time of the offense. Counsel cannot be faulted for failing to raise the matter on direct appeal. The issue is without merit.

## III.

### Conflict of Interest

¶40. Brown contends that each of his trial attorneys possessed a conflict of interest in his representation, to wit: Jack Jones represented Tony Boyd in a criminal case in 1987 and Susan Brewer had an uncle who was murdered. "[I]n order to demonstrate a violation of his Sixth Amendment Rights, a defendant must establish that an actual conflict of interest affected his lawyer's performance." *Stringer v. State*, 485 So.2d 274, 275 (Miss. 1986), (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980)). Although Brown argues that Tony Boyd was a suspect in the murders, police testified at trial that Boyd was never really considered a suspect although his name appears as such on a laboratory submission form. It cannot be said that Jones had a continuing or conflicting duty to Boyd at the time of trial despite the prior representation. *See Manning v. State,* 726 So.2d 1152, 1167-68 (Miss. 1998), *overruled in part on other grounds*, *Weatherspoon v. State*, 732 So.2d 158 (Miss. 1999). Further, there is no indication that Jones's performance was in any way compromised. As for Brewer, Brown speculates without support that the trial of her uncle's killer undermined her effective advocacy. The record however reflects a very competent and tenacious defense team. The issue is without merit.

## IV.

### Errors Purportedly Preserved for Collateral Review.

¶41. Procedural bars of waiver, different theories, and res judicata and exception thereto as defined in the post-conviction relief statute are applicable in death penalty post-conviction relief applications. *Cole v. State,* 666 So.2d at 773. Although this Court need not look further after finding procedural bar, it may review the merits of the underlying claim knowing that any subsequent review will stand on the bar alone. *Blue v. State,* 674 So.2d at 1191-92.

### 1. Brown's appearance in shackles.

¶42. Brown asserts that his appearance during the trial itself was never raised. Defense counsel objected to Brown's appearance in shackles during jury selection, and the matter was raised on direct appeal where it was rejected by this Court. *Brown,* 690 So.2d at 286. This Court has held:

> [i]t is a common-law right of a person being tried for the commission of a crime to be free from all manner of shackles or bonds, whether of hands or feet, when in court in the presence of the jury, *unless in exceptional cases where there is evident danger of his escape or in order to protect others from an attack by the prisoner*. Whether that ought to be done is in the discretion of the court based upon reasonable grounds for apprehension. But, if the right of the accused is violated, it may be ground for reversal of a judgment of conviction.

*Rush v. State,* 301 So.2d 297, 300 (Miss.1974)(emphasis added)(citing *Marion v. Commonwealth*,

108 S.W.2d 721 (Ky. 1937)). The trial court heard testimony and found that Brown's presence in the courtroom posed a security risk. The trial judge ruled that Brown could be tried in leg shackles but that his hands should remain free so he could assist trial counsel.

¶43. The issue of whether Brown appeared before the jury in shackles, whether before or during trial, is essentially the same. Despite Brown's rephrasing, the issue is now procedurally barred by res judicata. Miss. Code Ann. § 99-39-21(2).

### 2. "Heinous, atrocious and cruel" instruction.

¶44. Although Brown challenged this jury instruction on direct appeal, he now claims that a narrowing instruction, applicable to the facts of the case, should have been given as well. This Court has recognized that the "especially heinous, atrocious or cruel" aggravating circumstance, without limiting instruction, is unconstitutionally vague and, consequently, an invalid aggravating circumstance. *Clemons v. State,* 593 So.2d 1004, 1005 (Miss. 1992). This Court reviewed jury instruction S-1 on direct appeal and found it to be consistent with the limiting language previously approved by both state and federal courts. This Court specifically found that the instruction sufficiently "refined and narrowed the aggravating circumstance of 'heinous, atrocious or cruel' and channeled in a principled way the jury's sentencing discretion." *Brown,* 690 So.2d at 295 (citing *Hansen v. State,* 592 So.2d 114, 152 (Miss. 1991)). This Court found the instruction contained a limiting paragraph and no further instruction was necessary. The matter is now procedurally barred from collateral review pursuant to Miss. Code Ann. § 99-39-21(2).

### 3. Arrest without warrant and seizure of clothing.

¶45. Brown again argues that he was arrested without a warrant and that his clothes and shoes were illegally seized. The record discloses that Brown was arrested pursuant to an order revoking his prior suspended sentence. The trial court conducted a suppression hearing and found that the items of clothing were properly seized incident to a lawful arrest. This issue was presented on direct appeal and rejected by this Court. *Brown*, 690 So.2d at 285. The matter is barred by res judicata from further review. Miss. Code Ann. § 99-39-21(2).

### 4. Comment on parole.

¶46. Brown contends once more that the trial judge waited too long to correct his statement to a prospective juror about the court's role in the parole process. This issue was raised on direct appeal where this Court held:

> There is no basis for Brown's interpretation of the circuit court's response to the prospective juror's question as a comment on his eligibility for parole and we do not find the circuit court in error for refusing to grant a mistrial.

*Brown*, 690 So.2d at 287. The issue is barred from further review under the doctrine of res judicata. Miss. Code Ann. § 99-39-21(2).

### 5. Allowing jurors to remain.

¶47. Brown contends that three prospective jurors were allowed to remain on the venire panel after stating they would automatically impose the death penalty. This issue was raised on direct appeal and rejected by

this Court for failure to present meaningful argument or relevant authority. ***Brown***, 690 So.2d at 297. The present claim also lacks substantive argument. However, the matter is now barred from further review pursuant to Miss. Code Ann. § 99-39-21(2).

### 6. Admission of gruesome photographs into evidence.

¶48. Brown once again challenges the trial court's decision to admit into evidence certain photographs of the victims. This Court specifically found that the trial judge did not abuse his discretion in allowing the photographs into evidence. 690 So. 2d at 289. The matter is barred from further review under the doctrine of res judicata. Miss. Code Ann. § 99-39-21(2).

### 7. Witness footprint testimony.

¶49. Brown claims that the State's expert witness revealed at trial the existence of a second set of foot prints, thereby constituting a discovery violation on the part of the State. The transcript reflects that the witness testified that not all the prints corresponded to Brown's shoe size. This issue was also raised on direct appeal where this Court found that this information was contained in the expert's report which was provided to the defense prior to trial. This Court specifically held that the witness made no "surprise" announcement at trial and found the issue to be without merit. 690 So. 2d at 290. The issue is now precluded from further review pursuant to Miss. Code Ann. § 99-39-21(2).

### 8. Expert serological testimony.

¶50. Brown contends that the trial court erred in overruling his objection to testimony that the substance found on his (Brown's) shoes was probably human blood. This Court considered the issue on direct appeal and found that "the circuit court properly admitted the testimony." 690 So. 2d at 290. The matter is now procedurally barred under the doctrine of res judicata. Miss. Code Ann. § 99-39-21(2).

### 9. Proof of motive.

¶51. Brown argues that the State claimed sex was the motive for the crime but proved no sexual assault. This Court found that there was sufficient evidence for a jury to find that Brown had committed the underlying offense of felonious child abuse and that "it was not necessary to prove sexual battery or rape." 690 So. 2d at 291. The issue is now res judicata and barred from further review. Miss. Code Ann. § 99-39-21(2).

### 10. Jury Instruction on child abuse.

¶52. Brown claims that the jury improperly instructed the jury on child abuse on grounds that there was no act of abuse separate from the murder. On direct appeal, this Court specifically found that there was evidence of multiple wounds and abrasions to the body of Evangela Boyd other than the fatal chop wounds to the head. The Court further found

> One act alone may constitute abuse and/or battery; the "statute does not require that the abuse be dispensed with over a period of time before a charge of felonious abuse will arise." ***Jackson***, 672 So.2d at 482 (quoting ***Faraga v. State***, 514 So.2d 295, 302 (Miss. 1987)).

690 So.2d at 291. The issue is res judicata and barred from further review. Miss. Code Ann. § 99-39-

21(2).

### 11. Unconstitutional interpretation.

¶53. Brown argues that if Miss. Code Ann. § 97-3-19(2)(f) can be violated by an act of child abuse that results in death, then the statute is unconstitutional. The statute's constitutionality is an issue that could have been raised on direct appeal and is procedurally barred from collateral review. Miss. Code Ann. § 99-39-21(1). Further, this Court has previously held that the merger doctrine does not apply such that an underlying offense of felonious child abuse does not merge into murder. *Faraga v. State,* 514 So.2d 295, 303 (Miss. 1987).

### 12. Certain testimony by Brown's wife disallowed.

¶54. Brown argues that the trial judge erred in not allowing his wife, Angela Brown, to testify concerning purported statements by James Coleman Jones that would have explained his flight, i.e., that Boyd's relatives had threatened to kill him. This issue was raised and rejected on direct appeal. This Court found that the alleged statements were made after the flight and ruled "even assuming that the statement was admissible to show Brown's state of mind, he has not made any showing that he was prejudice by its exclusion. *Cole v. State,* 525 So.2d 365, 373 (Miss. 1987)." 690 So.2d at 292. This issue is procedurally barred from further review pursuant to Miss. Code Ann. § 99-39-21(2).

### 13. More testimony excluded.

¶55. Brown again challenges the trial court's decision not to allow his wife to testify as to alleged statements by Jones that he had been pressured by police to give a statement implicating Brown. Brown's contention is that these hearsay statements were necessary to rebut Jones's testimony. This issue was raised on direct appeal where this Court ruled that "the jury heard sufficient evidence to enable it to weigh his credibility as a witness without the admission of hearsay evidence." 690 So. 2d at 293. This issue is barred pursuant to Miss. Code Ann. § 99-39-21(2).

### 14. Failure to require *Batson* explanation.

¶56. This is a restatement of the issue raised by Brown as a claim of ineffective assistance of counsel. It was noted in that discussion that the trial court found that defense counsel had failed to make a prima facie showing of discriminatory use of peremptory challenges. This issue is without merit.

### 15. Flight instruction.

¶57. Brown again challenges the instructions which allowed the jury to infer guilt from his unexplained flight. This issue has already been considered on direct appeal where this Court specifically held that under the facts of this case,"evidence of flight was probative of guilt of guilty knowledge and thus the instruction on flight was warranted." 690 So. 2d at 294. The issue is res judicata and procedurally barred from further review pursuant to Miss. Code Ann. § 99-39-21(2).

### 16. Flight as an aggravating circumstance instruction.

¶58. Brown argues that it was error to instruct the jury that avoiding lawful arrest was an aggravating circumstance because there was evidence to explain his flight. As previously discussed, the proffered

testimony that Brown feared for his life was properly excluded as hearsay. This issue could have been raised on direct appeal and is now procedurally barred pursuant to Miss. Code Ann. § 99-39-21(1). Without waiving the bar, the State correctly notes that an explanation for Brown's flight to Memphis does not impact whether he committed one of the murders for the purpose of avoiding arrest. This Court has previously held:

> Each case must be decided on its own peculiar fact situation. If there is evidence from which it may be reasonably inferred that a substantial reason for the killing was to conceal the identity of the killer or killers or to "cover their tracks" so as to avoid apprehension and eventual arrest by authorities, then it is proper for the court to allow the jury to consider this aggravating circumstance. *Leatherwood v. State,* 435 So.2d 645, 651 (Miss. 1983).

*Brown v. State,* 682 So.2d 340, 155 (Miss. 1996). At trial, James Coleman Jones testified that Brown told him that he killed Evangela because "[s]he's trying to leave, and he just said he had to stop her any way he could." This issue is without merit notwithstanding the procedural bar.

### 17. Interruption of witness testimony.

¶59. Brown claims that the trial judge improperly interrupted the testimony of Angela Brown at the mitigation phase of the trial when she began to tell the jury that he was innocent. This issue could have been raised on direct appeal and is procedurally barred for failure to do so. Miss. Code Ann. § 99-39-21(1). The transcript shows that this was not an instance of arguing residual doubt to the jury. Angela Brown simply told the jurors that her husband should be spared because he was innocent. Angela Brown was able to make this declaration before the trial judge stopped her. Brown can therefore claim no resulting prejudice. Without waiving the bar, the issue is without merit.

### 18. Bite-mark evidence.

¶60. Brown argues that the trial judge failed to conduct a hearing to determine the admissibility of the State's bite-mark evidence. This issue is procedurally barred from collateral review pursuant to Miss. Code Ann. § 99-39-21(1) as it was capable of being raised on direct appeal. Without waiving the procedural bar, the issue is without merit. Brown cites a decision of the United States Supreme Court which held that Fed. R. Evid. 702 compels a trial court to hold pretrial hearings on scientific evidence. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). This Court has declined to reverse a conviction based, in part, on bite-mark evidence. *Brewer v. State,* 725 So.2d 106 (Miss. 1998). The issue is without merit.

### 19. Brown's medication at trial.

¶61. Brown contends that he was given prescription drugs during trial to treat a headache and stomach trouble and that these drugs may have rendered him incompetent to stand trial. This issue could have been raised on direct appeal and is now barred from collateral review. Miss. Code Ann. § 99-39-21(1). Without waiving the bar, the issue is without merit. Brown was given Midrin and Elavil to treat his symptoms. He attaches affidavits attesting to the possible adverse reactions and potential side-effects of theses drugs if they are taken in large doses. Brown makes no showing that he was in fact affected by the prescriptions such that he was unable to assist in his defense or that he ingested more than the prescribed amount.

### 20. Brown's innocence.

¶62. Brown makes the blanket statement that he is innocent of all three murder charges and that imposition of the death sentence violates his constitutional rights. This Court specifically found on direct appeal that Brown's conviction of capital murder and death sentence were supported by evidence in the record. 690 So.2d at 298. The issue is barred from further review by res judicata. Miss. Code Ann. § 99-39-21(2).

### 21. Failure to exclude evidence.

¶63. Brown contends without specificity there is insufficient evidence of his guilt after if one does not consider all the "evidence admitted at trial which should have been excluded." The claim is not articulated and is denied.

### 22. Cumulative error.

¶64. Brown argues that he was denied a fair trial because of all the errors asserted in his petition.

> This Court may reverse a conviction and/or sentence based upon the cumulative effect of errors that independently would not require reversal. *Jenkins v. State,* 607 So.2d 1171, 1183-84 (Miss.1992) ; *Hansen v. State,* 592 So.2d 114, 153 (Miss.1991). "It is true that in capital cases, although no error, standing alone, requires reversal, the aggregate effect of various errors may create an atmosphere of bias, passion and prejudice that they effectively deny the defendant a fundamentally fair trial."*Conner v. State*, 632 So.2d 1239, 1278 (Miss.1993) (citing *Woodward v. State,* 533 So.2d 418, 432 (Miss.1988)).

*McGilberry v. State,* 741 So.2d at 924. A review of the record shows that there were no individual errors which required reversal and that there is no aggregate collection of minor errors that would, as a whole, mandate a reversal of either the conviction or sentence. All of his assignments of error are either without merit or procedurally barred. This issue itself is, therefore, without merit.

**V.**

### The Supplemental Brief

¶65. Following the appointment of counsel, Brown was allowed to file supplemental pleadings.

### 1. Failure to preserve evidence.

¶66. Brown argues that prosecutorial misconduct was committed when investigators failed to preserve a footprint which appeared in sawdust at Brown's place of employment. Brown speculates that it "could have been exculpatory *if* it had not been consistent with the foot prints made by the footware that was seized from him." The United States Supreme Court has ruled:

> [w]hatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense.

*California v. Trombetta,* 467 U.S. 479, 488, 104 S. Ct. 1458, 79 L. Ed. 2d 774 (1984). An inconsistent foot print at his place of work would hardly be exculpatory so long as his footprints matched those at the scene of the crime. This Court has held that "the mere possibility the evidence might aid the defense does not satisfy the constitutional materiality standard." *Taylor v. State,* 672 So.2d at 1271. This

purported instance of prosecutorial misconduct could have been raised on direct appeal and is procedurally barred from further review. Miss. Code Ann. § 99-39-21(1).

### 2. Administration of drugs to the defendant.

¶67. This issue was raised in the brief filed by pro bono counsel. As discussed previously, Brown makes no showing that he was unable to assist in his defense. The supplemental brief mistakenly relies on a case in which a defendant was given anti-psychotic drugs over his objection. ***Riggins v. Nevada****,* 504 U.S. 127, 112 S.Ct. 1810, 118 L. Ed. 2d 479 (1992). There is nothing in the present record to suggest that Brown was treated for his headache and stomach trouble over objection. Further, the issue was capable of determination on direct appeal and is procedurally barred from further review. Miss. Code Ann. § 99-39-21(1).

### 3. Failure to hire a footprint expert.

¶68. Brown claims that trial counsel was ineffective for failing to secure a footprint expert because expert testimony allegedly indicated the presence of two sets of footprints. Brown had the opportunity to cross-examine the State's expert and makes no showing that having his own expert might have resulted in a different outcome. A similar issue, couched as a discovery violation, was considered on direct appeal and rejected by this Court. 690 So.2d at 290. The issue is without merit.

### 4. Failure to hire serology expert.

¶69. Brown argues that trial counsel was ineffective for failing to hire a serology expert. However, he fails to cite any supporting authority. ***Holland v. State****,* 705 So.2d at 329. In the context of a claim of ineffective assistance of counsel, Brown makes no showing that the verdict would have been different had such an expert been retained. ***Strickland v. Washington****,* 466 U.S. at 694. The issue is without merit.

### 5. Failure to object to opening statement.

¶70. Brown argues that trial counsel should have objected to the prosecutor's opening statement which included a remark to jurors that they did not need an expert to compare the crime-scene footprints with Brown's shoes. The record reflects that the prosecutor also told the jury that they would hear evidence from experts and be able to "make up your own mind about what it says." The jury was given the following defense instruction on the weight to be afforded expert testimony:

> The law permits evidence of certain persons who are termed expert. Experts may testify to their opinions derived from their knowledge of particular matters. However, the ultimate weight to be given to the expert testimony is a question to be determined by you. The testimony of any expert, like that of any other witness, is to be received by you and given such weight only as you think it is properly entitled to receive. You are not bound by the opinion testimony of any witness, expert or otherwise.

This Court has held that jurors are presumed to follow the instructions given to them by the court. ***Chase v. State****,* 645 So.2d 829, 853 (Miss. 1994)(quoting ***Johnson v. State****,* 475 So.2d 1136, 1142 (Miss.1985) ). The issue is without merit.

### 6. Failure to object to footprint evidence.

¶71. Brown argues that trial counsel was ineffective for failure to object to the testimony of police concerning the footprint they saw at Brown's place of employment. Brown's argument is unsupported by authority, and the record does not indicate any attempt by the witnesses to offer an expert opinion. Brown's contention fails to meet either prong of the *Strickland* test. This Court has held that post-conviction relief should be denied where the failure of counsel to object does not undermine "confidence in the reliability of the outcome." *Holly v. State,* 716 So. 2d 979, 990 (Miss. 1998). This issue is without merit.

### 7. Failure to rebut expert testimony.

¶72. Brown argues that counsel was ineffective for failing to investigate and present evidence concerning the volume of Fila shoes sold in the area as a means of rebutting the State's expert evidence. This claim was raised in the first application filed by Brown and still remains speculative at best that the evidence of the number of shoes sold would successfully counter expert findings that Brown's shoes were consistent with prints found at the crime scene. The record shows that trial counsel did cross-examine the State's expert witness. Further, Brown cites no authority in support of his argument. *Holland v. State,* 705 So.2d at 329. This issue is without merit.

### 8. Failure to raise *Batson* challenge on direct appeal.

¶73. This issue was raised in the first application. The record supports the trial judge's finding that a prima facie case of racially-motivated strikes was not made. *See Stewart v. State,* 662 So.2d at 557. This issue is without merit.

### 9. Failure to prepare mitigation witnesses.

¶74. This issue was raised in the first application. There is still no showing that further mental evaluation of Brown would have yielded more favorable mitigation evidence. The jury was aware of Brown's childhood background through the testimony of others. The record reflects that counsel put on a credible case in mitigation and that none of the witnesses appeared unprepared. The issue is without merit.

### 10. Failure to request DNA tests of victim's fingernails.

¶75. This issue was raised in the first application. There is no showing that there was in fact any substance under fingernails of the minor victim to be tested. This issue is without merit.

### 11. Failure to withdraw as counsel due to conflict of interest.

¶76. This issue was raised in the first application. Brown concedes that the trial court was made aware of Jack Jones's prior representation of Tony Boyd. Brown still makes no showing that counsel's performance was adversely affected. "[T]he possibility of conflict is insufficient to impugn a criminal conviction on appeal." *Wheat v. United States,* 486 U.S. 153, 160, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988). The issue is without merit.

### 12. Failure to challenge prior felony conviction at trial.

¶77. This issue was raised in the first application. Brown's prior conviction and sentence were upheld by the trial court on motion for post-conviction relief. A suspended sentence was sufficient to show that Brown was under a sentence of imprisonment for purposes of proving the aggravating factor. *Jenkins v. State,*

607 So.2d 1171, 1180 (Miss. 1992). The issue is without merit.

### 13. Failure to investigate allegiance of James Coleman Jones.

¶78. This issue was raised in the first application. The record reflects that Jones was vigorously cross-examined concerning his statements to police and the terms of his plea bargain. The issue is without merit.

### 14. Failure to offer testimony of residual doubt.

¶79. This issue was raised in the first application as an improper interruption of the testimony of Angela Brown at the mitigation phase. Brown had already been found guilty by the jury but the witness was nonetheless able to proclaim Brown's innocence to the jury. "It is clear that while this Court, and many others, allow residual doubt argument, the United States Supreme Court, and this Court, do not permit defendants . . . to go further with the submission of jury instruction *or evidence* on residual doubt. " *Holland v. State,* 705 So.2d at 326 (emphasis supplied). This issue is without merit.

¶80. **APPLICATIONS FOR LEAVE TO SEEK POST-CONVICTION RELIEF DENIED.**

**PITTMAN, C.J., BANKS, P.J., SMITH, MILLS, WALLER, COBB, DIAZ AND EASLEY, JJ., CONCUR.**