¶ 1. Michael Ames Williams was convicted by a jury of possession of more than thirty grams of marihuana, but less than two-hundred-and-fifty grams, and was sentenced by the Tallahatchie County Circuit Court to serve twenty years in the custody of the Mississippi Department of Corrections as a habitual offender. The court ordered that the sentence run consecutive to Williams's sentence in cause number CR97-12-C-T2, an April 3, 1998 armed robbery conviction. Aggrieved, Williams appeals and asserts that the court erred in having him restrained in shackles during the trial, in refusing to grant a mistrial during voir dire, and in denying his motion in limine to exclude certain evidence about his conduct during his arrest.
 ¶ 2. Finding no error, we affirm.
 FACTS ¶ 3. On January 26, 2005, law enforcement officers confronted Williams in a pool hall in Tutwiler, Mississippi, and attempted to serve an arrest warrant on him. Williams struggled with the officers, and as he did so a small bag of what appeared to be marihuana fell out of his sleeve. Williams was taken into custody and transported to the county jail, where he was stripped and searched, a standard procedure upon admission to the jail. During the search, officers found forty-two bags of marihuana concealed in Williams's underwear. Thereafter, Williams was indicted for possession of marihuana with intent to distribute.[1]
 ¶ 4. Williams initially hired his own attorney to represent him. However, he and his attorney had a falling out, and that attorney was released from the case. Thereafter, the court appointed an attorney to represent Williams. On the morning of trial, Williams requested a continuance to get a new attorney, claiming that his court-appointed attorney had not done enough to prepare for his case. The attorney, who was present, denied Williams's allegations and stated that he had prepared adequately for the trial. The court refused to grant a continuance and stated that the trial would continue as scheduled. During this time, Williams was extremely belligerent with the court, and the judge had difficulty speaking over him.
 ¶ 5. When the court attempted to begin voir dire, Williams refused to leave the judge's chambers. Thereafter, the judge returned to her chambers. At that time, Williams refused to respond to the court in any way. The court ordered that Williams be put in shackles and returned to the jury room for trial. The court reasoned that Williams's demeanor, his history, and the fact that it had taken six officers to restrain him during his arrest indicated that Williams posed a risk to those in the court-room. The court specifically noted that, due to the layout of the courtroom and Williams's clothing, it would be exceedingly difficult for the jury to see the shackles unless Williams drew attention to them. Trial then proceeded, presumably with Williams shackled.
 ¶ 6. During voir dire, the court asked the jury panel if any of them knew Williams. One of the potential jurors stated that he knew Williams: "I work for the county jail, for CCA, and he's been in and out of the jail sometime." Williams immediately requested a mistrial, which was denied. Williams took the stand in his defense, and at the close of the evidence, the jury found Williams guilty of simple possession of marihuana.
 ¶ 7. Additional facts, if necessary, will be related during our analysis and discussion of the issues. *Page 131 
 ANALYSIS AND DISCUSSION OF THE ISSUES 1. Use of Restraints in Presence of Jury
 ¶ 8. In his first contention of error, Williams claims that the court erred in allowing him to enter the courtroom in restraints. In general, a defendant has the right to be "free of shackles or hand-cuffs" when in front of the jury. Smith v.State, 877 So.2d 369, 379 (¶ 17) (Miss. 2004) (citations omitted). "However, where there is a risk of escape or the possibility of harm to other persons, restraint devices may be used in the judge's discretion." Id. (citing Brown,v. State, 798 So.2d 481, 501 (¶ 42) (Miss. 2001)). There must be a showing of prejudice to Williams before we will reverse his conviction on this ground. Payton v.State, 897 So.2d 921, 932 (¶ 16) (Miss. 2003) (citingLockett v. State, 517 So.2d 1317, 1329 (Miss. 1987);Hickson v. State, 472 So.2d 379, 383 (Miss. 1985)).
 ¶ 9. The court in this case ordered that Williams be shackled only after he became belligerent and refused to enter the court-room under his own volition. The sheriff who was present noted that it had taken six officers to subdue Williams when he was arrested. The court found that Williams should be shackled, and explained:
 Let the record reflect that Mr. Williams is still refusing to look at the court or to speak to the court or to answer any questions from the court. So the record will reflect that Mr. Williams is refusing to cooperate and refusing to talk with his attorney or to make any record on his own behalf. Based on Mr. Williams's conduct this morning, his demeanor before this court, I see him clearly as a security risk at this time, and I'm going to grant the sheriff's request to keep him in leg irons as we are before the court this morning.
 The record should reflect that Mr. Williams is indicted for possession of more than 30 grams of marijuana as a 99-19-83 habitual offender. He has two prior convictions for grand larceny and for armed robbery out of this county. He has, in fact, been revoked and I believe is doing a ten year sentence at this time on a revoked sentence. He is a[sic] MDOC inmate and the court has many, many security concerns about this courthouse, even on a good day.
The sheriff then noted that "based on the clothes that he's got on, it's going to be very unlikely anybody would see handcuffs or leg irons on him anyhow." The court had also made a previous finding regarding the visibility of the restraints:
 Well, leg shackles have just been placed on this defendant, and I want the record to be abundantly clear that if Mr. Williams were to walk from the point where he is right now in chambers and into that courtroom and sit at counsel table, there is a sufficient bar in that courtroom that would prevent any juror from knowing that he is, in fact, shackled. There is a solid barrier between the area where the jurors are sitting and the area of the counsel table. His feet would be completely concealed where they could not be seen by the jury panel. If Mr. Williams, however, chooses to and walks out of this chambers and makes a disturbance there in the courtroom, no doubt the jury panel will be made aware that there are restraints. So, as the court sees it, that's up to Mr. Williams how he chooses to handle that.
Williams's attorney did not agree with the court's assessment that it would be impossible for the jury to see Williams's feet, as he stated that there were "spaces, cracks in between where you can look through and see a person's feet." *Page 132 
 ¶ 10. Given Williams's belligerent demeanor, his past history of violence, the fact that it had taken six officers to arrest him, and his refusal to cooperate in proceeding with the trial, we cannot say that the court erred in ordering that he be shackled the morning of trial. Furthermore, Williams has shown no prejudice that resulted from this shackling. In fact, Williams has not even shown that any of the jurors actually observed the shackles. The court and the sheriff indicated that, due to a combination of the clothes that Williams was wearing and the layout of the courtroom, it would be very difficult for the jury panel to see the shackles. Williams has produced nothing to indicate that the jury was able to see the shackles despite his clothes and the courtroom furniture.
 ¶ 11. This contention is without merit.
2. Denial of Mistrial
 ¶ 12. In his second claim of error, Williams argues that the court erred in refusing to grant a mistrial after a potential juror stated that he knew Williams because Williams had been in and out of the county jail. We review the grant or denial of a mistrial under an abuse of discretion standard. Sipp v.State, 936 So.2d 326, 331 (¶ 7) (Miss. 2006) (citingTate v. State, 912 So.2d 919, 932 (¶ 41) (Miss. 2005)). "The trial court must declare a mistrial when there is an error in the proceedings resulting in substantial and irreparable prejudice to the defendant's case; however, the trial judge is permitted considerable discretion in determining whether a mistrial is warranted since the judge is best positioned for measuring the prejudicial effect." Id.
(citing Tate, 912 So.2d at 932 (¶ 41)).
 ¶ 13. Given the highly deferential standard of review that applies to the denial of a motion for a mistrial, we cannot say that the court erred, or that "substantial and irreparable prejudice" was done to Williams's case. Williams also contends that the court should have instructed the jury to disregard the remarks, although Williams did not request any such cautionary instruction. We find that this contention is procedurally barred from appeal because of Williams's failure to request such an instruction. See Rubenstein v. State, 941 So.2d 735,760-61 (¶ 89-92) (Miss. 2006). Furthermore, any error in this regard was harmless. Williams took the stand and testified that he had previously been in jail for some period of time. Any harm done by a potential juror stating that he knew Williams from the county jail became harmless when Williams himself openly testified that he had been in jail prior to trial.
 ¶ 14. This contention is also without merit.
3. Motion in Limine
 ¶ 15. In his final claim of error, Williams contends that the court erred in refusing to suppress testimony by the arresting officers regarding his arrest, either by granting Williams's pretrial motion in limine, or by sustaining his objections made to the testimony during trial. Specifically, Williams did not want the officers to testify about how he fought with them as they attempted to arrest him. We will not reverse a trial court for the admission or denial of evidence unless the court abused its discretion. Mingo v.State, 944 So.2d 18, 28 (¶ 27) (Miss. 2006).
 ¶ 16. There are at least two reasons justifying admission of the evidence in question. First, the marihuana was discovered by the officers when it fell out of Williams's shirt sleeve as he struggled with the officers in a futile attempt to avoid being arrested pursuant to an arrest warrant. Therefore, testimony about the *Page 133 
struggle was necessary to relate to the jury the complete story of how the marihuana was discovered. Second, Rule 404(b) of the Mississippi Rules of Evidence states that evidence of another crime or bad act is admissible to show "other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The Mississippi Supreme Court has noted that "it is well settled that evidence of flight or escape is admissible as an exception to M.R.E. 404(b) in order to show guilty knowledge."Shumpert v. State, 935 So.2d 962, 974 (¶ 48) (Miss. 2006). Likewise, Williams's struggle with the officers is admissible because it tends to show his "guilty knowledge" of the marihuana.
 ¶ 17. Even if evidence is generally admissible under 404(b), it must still "be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." M.R.E. 403. Given the highly relevant and probative nature of this aspect of the evidence, we do not find that the dangers of unfair prejudice and confusion outweighed the reasons for admitting the evidence. Therefore, the court did not abuse its discretion in allowing the evidence to be admitted.
 ¶ 18. Furthermore, given the overwhelming weight of the evidence against Williams, even were we incorrect and error flowed from the court's admission of the testimony, any such error would be harmless. See Isom v. State,928 So.2d 840, 845-46 (¶ 15) (Miss. 2006).
 ¶ 19. This contention of error is also without merit.
 ¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OFTALLAHATCHIE COUNTY OF CONVICTION OF POSSESSION OF MARIHUANA, INAN AMOUNT LESS THAN TWO HUNDRED FIFTY GRAMS BUT MORE THAN THIRTYGRAMS AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THEMISSISSIPPI DEPARTMENT OF CORRECTIONS, AS A HABITUAL OFFENDER,TO BE SERVED CONSECUTIVELY TO THE SENTENCE IMPOSED IN CAUSENO. CR97-12-C-T2, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSEDTO TALLAHATCHIE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
[1] At trial, the court reduced the charge to simple possession of marihuana.